1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10    JOSE M. ROCHA,

11                    Plaintiff,                    No. CIV S-09-3489 KJM P

12            vs.

13    D. DEXTER, et al.,

14                    Defendants.              <u>ORDER</u>

15    _____/

16            Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17    U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

18    § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

19    § 636(b)(1).

20            Plaintiff has submitted a declaration that makes the showing required by 28

21    U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22            Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23    U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $26.02 will be assessed by this

24    order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to

25    collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the

26    Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

1

preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200

(2007), and construe the complaint in the light most favorable to the plaintiff, <u>see</u> <u>Scheuer v.</u> <u>Rhodes</u>, 416 U.S. 232, 236 (1974).

The court finds that plaintiff's complaint fails to state a claim upon which relief can be granted.  Plaintiff complains about his placement in the "Security Housing Unit" (SHU) due to the fact that he has been found to be a member of a prison gang.  But plaintiff fails to allege that any of the rights to which he is entitled under <u>Wilkinson v. Austin</u>, 545 U.S. 209, 223-24 (2005) have been violated.  Under <u>Wilkinson</u>, plaintiff must receive notice of the factual basis for consideration of placement in the SHU, a fair opportunity for rebuttal and a short statement of reasons for SHU placement.  <u>Id</u>. at 226.  The court will grant plaintiff leave to file an amended complaint, if he is able to do so while complying with Federal Rule of Civil Procedure 11.  If, in his amended complaint, plaintiff fails to allege facts suggesting that one of the rights enumerated above has been violated, this action will be dismissed.

With respect to any amended complaint, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $26.02.  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Plaintiff's complaint is dismissed.

4.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED:  June 3, 2010.

_____
U.S. MAGISTRATE JUDGE

1
roch3489.14(12.17.09)

4